Wrigi-xt, J.,
delivered the opinion of the court:
Bjr section 4025, Revised Statutes, and the act of July 31, 1882 (22 Stat. L., 180), the claimant was, March 11,1893, by the Postmaster-General appointed a railway post-office clerk of class 1, between Omaha, Nebr., and Kansas City, Mo., with pay at the rate of $800 per annum. Pie accepted the appointment, entered upon and discharged the duties of the emplo3unent from such time to May 1, 1903, and still continues in such service. For the year ended June 30, 1897, and each subsequent year to May 1, 1903, he expended for each year at the rate of $180 for actual and necessary board- and lodging while in the discharge of his duties as such railway post-office clerk, upon the line of his route away from Kansas City, the place of his residence. He contends that he is entitled to be reimbursed these expenses bjr the defendants, and this suit is brought to recover the same. The argument produced in support of this contention is (1), that of *137 an implied contract on the part of defendants to pay the expenses so incurred; (2) the postal regulations, section 11, providing that any officer, clerk, or employee of the Post-Office Department, traveling on the business of the Department, upon the order or direction of the Postmaster-General, will be allowed his actual and necessary expenses, which will be paid out of the appropriation for the Service for which said travel is incurred; and '(3) the appropriation acts of the Congress.
The answer to the first of these contentions is the sufficient statement that the acts of Congress, b3r the sole authority of which claimant was appointed, and his acceptance of such appointment, constituted the contract between himself and the defendants. The Postmaster-General could not by the terms of his appointment either detract or enlarge upon the authority given for such appointment. The pay the law attached to the appointment accepted by claimant was $800 per annum, no more, no less. The nature of the business he accepted to perform required him to pass to and from the termini of his route at stated times, and was an inseparable incident to the service he voluntarily undertook; and the service could not be performed without incurring the expenses he now seeks, to charge against the defendants, in addition to the compensation stipulated and paid to him. The contract claimant made with the defendants was actual and express, excluding the possibility of an implied contract.
Nor does the postal regulation referred to give the claimant support for his position. That regulation concerns only any officer, clerk, or employee of the Post-Office Department traveling on the business of the Department, upon the order or direction of the Postmaster-General. Claimant was not traveling on such business upon the order or direction of the Postmaster-General, but in pursuance of the requirements of the statute in that behalf. It is true he was appointed by that officer, but his duties were defined by the law that permitted such appointment, and it is clear the regulation has no application to a railway postal clerk, without a detail for special duty and orders to travel in its performance, and there is no pretense that this was true in claimant’s case.
*138 Congress would doubtless have the power to appropriate for such expenses after the appointment of claimant, so as to confer the right to reimbursement, and it is insisted this was done.. If so, none of the officers of the Department, whose duty it was to see that the laws in that respect were duly executed, ever understood the appropriations were for such a purpose. This, however, would not deprive claimant of his right to reimbursement if by the appropriation acts the Congress so intended. The total inadequacy of such appropriations for such purpose goes far to exclude such intention, if it were necessary to refer to this in reaching the proper conclusion. The plain language of the acts themselves, however, excludes every supposition that Congress so intended. To instance in this respect, the language of the act of March 3, 1903 (32 Stat. L., 1173), being as favorable as any to the claimant, is as follows:
“ For actual and necessary expenses of General Superintendent, Assistant General Superintendent, chief clerk, office of General Superintendent, assistant chief clerk, office of General Superintendent, division superintendents, assistant division superintendents, chief clerks, and railway postal clerks, while actually traveling on business of the Department and away from their several designated headquarters, twenty-one thousand dollars.”
It is plain the service so described relates to superintendents’ duties, and such clerks and postal clerks as might be detailed or detached for duties in aid of superintendents in the discharge of which travel was necessary. Travel duty ■of superintendents was and is exceptional, and hence the necessity of a provision to meet the expense thereof.
The designated headquarters alluded to in the statute can only mean a central or chief place where persons in authority are stationed, and from which orders and information may be issued, and would have no proper significance unless limited to the duties of superintendents. The primary duty of postal clerks is in the moving car, and could be discharged only in that manner, the expense of which was covered by the general appropriation for that purpose. There is no pretense that claimant was specially detached to assist the superintendent or any of his subordinates, or that he performed any such duties, but only discharged the primary *139 or ordinary duties of a railway postal clerk in the cars provided for the purpose of a railway post-office.
Entertaining the views we have expressed it follows the claimant can not recover, and his petition will be dismissed.